UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ANTONIO LYNN FLUKER, JR.<br><br>Plaintiff,<br><br>v.<br><br>GARY CARR, *et al.*,<br><br>Defendants. | Case No. 22-11992<br>Honorable Sean F. Cox<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO SUA SPONTE
DISMISS COMPLAINT**

## I. Introduction and Background

Plaintiff Antonio Lynn Fluker, Jr., sues Fifth Third Bank employee Gary Carr under 42 U.S.C. § 1983 for alleged violations of his rights under the Fourth and Fourteenth Amendments. ECF No. 5.[1] He also claims that Carr violated the Right to Financial Privacy Act (RFPA). *Id.* In support of these claims, Fluker alleges that Carr, while acting as an agent of the government, disclosed his financial information to the United States Secret

---

[1] Fluker filed his amended complaint—titled "amended statement of claims"—before the complaint was served, so he did not have to move for leave to amend. Fed. R. Civ. P. 15(a)(1). He named Fifth Third Bank and Carr in his initial complaint but named only Carr in his amended complaint.

Service and illegally seized his property. *Id.*, PageID.23-24. Fluker alleges that Carr knew that the Secret Service "was involved in an investigation" but did not follow RFPA procedures. *Id.*

The Honorable Sean F. Cox referred the case to the undersigned for all pretrial proceedings under 28 U.S.C. § 636(b)(1). ECF No. 6. The Court **RECOMMENDS** that the case be **DISMISSED** sua sponte for failure to state a claim.

## II. Analysis

### A.

Fluker was granted leave to proceed without prepayment of the filing fee based on his indigence. ECF No. 7. Under 28 U.S.C. § 1915(e)(2)(B), the Court must screen suits when the plaintiff is proceeding *in forma pauperis* and to dismiss the action sua sponte if it fails to state a claim, is frivolous, or seeks monetary relief from immune defendants. *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997).

To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal* Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that

2

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

In deciding whether a plaintiff has set forth a plausible claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations. *Iqbal*, 556 U.S. at 678. But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *id.*, and the Court has no duty to create a claim not spelled out in the pleadings, *Freightliner of Knoxville, Inc. v. DaimlerChrysler Vans, LLC*, 484 F.3d 865, 871 n.4 (6th Cir. 2007). Pleadings filed by pro se litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers, but such complaints still must plead a plausible claim for relief. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012); *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007).

**B.**

Fluker's barebones § 1983 claims that Carr acted as an agent of the Secret Service and violated his Fourth and Fourteenth Amendment rights

3

lack merit.  ECF No. 5, PageID.23-24.  His Fourteenth Amendment claim states, "On or about July 23, 2020 the defendant violated the plaintiff due process rights by disclosing account information to a governmental agency without first obtaining a court order, subpoena, or search warrant."  *Id*., PageID.23.  Fluker's Fourth Amendment claim alleges that Carr, while acting "as an agent of the government, seized Fluker's property "without a search warrant" and "at the direction and instructions of the United States Secret Service."  *Id*., PageID.24.

Fluker's § 1983 claims lack any factual detail supporting his allegation that Carr acted as an agent of the government.  *See Anderson v. Clinton Twp. Police Dep't*, No. 18-11291, 2019 WL 4392524, at *4 (E.D. Mich. June 30, 2019), *adopted*, 2019 WL 3213942 (E.D. Mich. July 17, 2019) ("When a pleading fails to provide more than bare allegations of state action, the proper course is to dismiss the case for failure to state a claim under Fed. R. Civ. P. 12(b)(6).") (cleaned up).

But even if Carr had acted as an agent of the Secret Service, Fluker could not state a claim against him under § 1983.  "To establish a claim under § 1983, a plaintiff must show that he was deprived of rights guaranteed under the United States Constitution or federal law by a person acting '*under color of state law*.'"  *Strickland on Behalf of Strickland v.*

4

*Shalala*, 123 F.3d 863, 866 (6th Cir.1997) (emphasis added). "[T]he federal government and its officials are not subject to suit under § 1983." *Haines v. Fed. Motor Carrier Safety Admin.*, 814 F.3d 417, 429 (6th Cir. 2016) (cleaned up); *see also Muir v Transp. Sec. Admin.*, 857 F. App'x 251, 253-54 (7th Cir. 2021) (finding that § 1983 "does not extend to private actors or those acting under color of federal law.").

Thus, Fluker's § 1983 claims against Carr should be dismissed sua sponte.

**2.**

Fluker also fails to state a claim under the RFPA. Under the RFPA, financial institutions and their employees are prohibited from providing financial records of a customer to any "Governmental authority." 12 U.S.C. §§ 3401, 3403(a). Financial records covered by the RFPA include "an original of, a copy of, or information known to have been derived from, any record held by a financial institution pertaining to a customer's relationship with the financial institution." § 3401(2). Congress enacted the RFPA to "protect the customers of financial institutions from unwarranted intrusion into their records while at the same time permitting legitimate law enforcement activity by requiring federal agencies to follow established procedures when seeking a customer's financial records." *Brackfield &*

5

*Assocs. P'ship v. Branch Banking & Tr. Co.*, 645 F. App'x 428, 430 (6th Cir. 2016) (cleaned up). The RFPA provides a private right of action to customers of financial institutions whose financial records are obtained or disclosed in violation of the act. 12 U.S.C. § 3417(a).

But the RFPA does not bar financial institutions and their employees from disclosing records with the customer's permission or in response to a summons, search warrant, or subpoena. 12 U.S.C. § 3402. And they may "notify a Government authority that such institution has information, which may be relevant to a possible violation of any statute or regulation." § 3403(c). Under this section, the information disclosed may include "only the name or other identifying information concerning any individual, corporation, or account involved in and the nature of any suspected illegal activity." § 3403(c). Disclosures under § 3403(c) are permitted whether done proactively by a financial institution or made "in response to a direct inquiry from a government authority." *Bigi v. Wright-Patt Credit Union, Inc.*, No. 3:12-CV-216, 2013 WL 1721154, at *3 (S.D. Ohio Apr. 22, 2013). If a financial institution and its employees properly disclose information under § 3403(c), they are "immune from suit." *Blakely v. United States*, 276 F.3d 853, 869 (6th Cir. 2002) (citing § 3403(c)).

Fluker alleges that Carr disclosed his financial records to the Secret Service "without complying with the statutory requirements," without Fluker's consent, and without a court order, subpoena, or search warrant. ECF No. 5, PageID.23. "These bare assertions" fail to state a facially plausible claim. *Iqbal*, 556 U.S. at 681. Fluker had to plead enough "factual content that allows the court to draw the reasonable inference that [Carr is] liable for the misconduct alleged." *Id.* at 678. But rather than pleading facts allowing for an inference that Carr violated his rights, Fluker alleged that Carr knew that "Secret Service was involved in an investigation." ECF No. 5, PageID.24. Fluker's reference to a Secret Service investigation suggests that Carr made disclosures that were "relevant to a possible violation of any statute or regulation," meaning that Carr may be immune from suit. § 3403(c); *Blakely*, 276 F.3d at 869. At bottom, Fluker's "bare legal conclusion[ ]" that defendants made disclosures without complying with statutory requirements is not enough to state a plausible claim. *Theile v. Michigan*, 891 F.3d 240, 243 (6th Cir. 2018).

### III.  Conclusion

Fluker's complaint does not survive scrutiny under § 1915(e)(2). *See Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). The Court thus

7

**RECOMMENDS** that Fluker's complaint be **DISMISSED** sua sponte for failure to state a claim.

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: May 18, 2023

### NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the

same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections lack merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 18, 2023.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
