UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ANTONIO LYNN FLUKER, JR.,<br><br>                      Plaintiff,<br><br>v.<br><br>GARY CARR, *et al.*,<br><br>                      Defendants. | Case No. 22-11992<br>Honorable Sean F. Cox<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO DENY
PLAINTIFF'S MOTION TO AMEND JUDGMENT (ECF NO. 17)**

### I.    Introduction and Background

Plaintiff Antonio Lynn Fluker, Jr., proceeding pro se and *in forma pauperis*, sued Fifth Third Bank employee Gary Carr under 42 U.S.C. § 1983, alleging that Carr acted as an agent of the federal government and violated his rights under the Fourth and Fourteenth Amendments. ECF No. 5. He also claimed that Carr violated the Right to Financial Privacy Act (RFPA). *Id.* The Honorable Sean F. Cox adopted this Court's report and recommendation (R&R) to sua sponte dismiss Fluker's complaint for failure to state a claim. ECF No. 11; ECF No. 15. After Judge Cox entered judgment, Fluker moved to amend the judgment within the 28-day period

permitted under Federal Rule of Civil Procedure 59(e).  ECF No. 17.  Judge Cox referred the motion to the undersigned for an R&R.  ECF No. 18; *Fharmacy Records v. Nassar*, 465 F. App'x 448, 455 (6th Cir. 2012) (stating that magistrate judges must prepare R&Rs for post-judgment motions under 28 U.S.C. § 636(b)(3)).

In the earlier R&R, the Court recommended that Fluker's complaint be sua sponte dismissed under 28 U.S.C. § 1915(e) because, first, the complaint lacked "any factual detail supporting his allegation that Carr acted as an agent of the government" and that, even if Carr acted as an agent, § 1983 "does not extend to private actors or those acting under color of federal law."  ECF No. 11, PageID.37-38.  Secord, Fluker's RFPA claim relied on his "'bare legal conclusion[ ]' that [the financial institution] made disclosures without complying with statutory requirements," which was "not enough to state a plausible claim."  *Id.*, PageID.40 (quoting *Theile v. Michigan*, 891 F.3d 240, 243 (6th Cir. 2018)).

Nearly two weeks later, Fluker filed a "first superseding statement of claim" without moving for leave to amend.  ECF No. 12.  And in early June 2023, Fluker filed objections to this Court's R&R.  ECF No. 14.  But Judge Cox adopted the R&R in July 2023 because Fluker's objections were

untimely and they lacked merit. ECF No. 15, PageID.60. Judge Cox thus dismissed the complaint without prejudice. *Id.*; ECF No. 16.

Fluker argues that his superseding statement of claim "corrected the deficiencies" noted in the R&R and was the "relevant" complaint. ECF No. 17, PageID.63. He asserts that the Court must screen that filing, which "would render the report and recommendation to sua sponte dismiss moot." *Id.* The Court disagrees and recommends that Fluker's motion to amend be denied.

II. **Analysis**

**A.**

Under Federal Rule of Civil Procedure 59(e), a court may grant relief to alter or amend a judgment if there has been "an intervening change in controlling law, new evidence which was not previously available at trial, or [the need] to correct a clear error of law or to prevent manifest injustice." *United States v. Johnson*, No. 02-80810, 2018 WL 646872, at *1 (E.D. Mich. Jan. 31, 2018) (cleaned up); *see Carter v. Robinson*, 211 F.R.D. 549, 550 (E.D. Mich. 2003). And courts have the authority to "equate a Rule 59(e) motion with a timely filed motion for reconsideration." *Johnson*, 2018 WL 646872, at *1 (citing *United States v. Savage*, 99 F. App'x 583, 584-85 (6th Cir. 2004)). The local rules provide that "the movant must not only

demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(1).

Here, there is no clear error of law or manifest injustice to support reconsideration of the judgment.

## B.

Fluker's motion fails because he has filed no valid amended complaint for the Court to consider. He filed an "amended statement of claim" and a "first superseding statement of claim," but he signed neither document. ECF No. 5; ECF No. 12. Fluker thus violated Federal Rule of Civil Procedure 11(a), which requires unrepresented parties to sign "every pleading." An unsigned paper must be stricken "unless the omission is promptly corrected after being called to the attorney's or party's attention." Rule 11(a); *see also Bakshi v. Bank of Maharashtra*, No. 2:07-CV-11214-DT, 2007 WL 1712699, at *1 (E.D. Mich. June 13, 2007).

Fluker's superseding statement of claim was also filed without leave of court, even though he had already filed his amended statement of claims. See Fed. R. Civ. P. 15(a). A plaintiff has no right under Rule 15(a) to file a second amended complaint. *Id*.; *Synthes USA Sales, Inc. v.*

*Taylor*, No. 3:10-1102, 2012 WL 928190, at *1 (M.D. Tenn. Mar. 19, 2012) (stating that the Rule 15(a) "right to amend once as of right applies only to initial, not amended pleadings as allowing only one amendment of right").

Thus, Fluker is mistaken when he claims that his superseding statement of claim is his operative complaint.

### C.

The superseding statement of claim is also futile. "A proposed amendment [to a complaint] is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Pleadings filed by pro se litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers, but such complaints still must plead a plausible claim for relief. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012); *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007).

In the superseding statement of claim, Fluker alleges that a Secret Service agent contacted Fifth Third Bank and Carr about a $450,000 loan

deposit in Fluker's account, and the bank disclosed his records without obtaining a subpoena, court order, search warrant, or Fluker's consent. ECF No. 12, PageID.44.  He alleges that the document disclosure violates his rights under the RFPA.  *Id.*  Fluker also alleges that the federal agent requested that Fifth Third and Carr freeze the accounts, which transformed them into federal agents.  *Id.*, PageID.44-45.  But his barebones claims lack any factual detail supporting his allegation that Carr and Fifth Third acted as agents of the government.  *See Anderson v. Clinton Twp. Police Dep't*, No. 18-11291, 2019 WL 4392524, at *4 (E.D. Mich. June 30, 2019), *adopted*, 2019 WL 3213942 (E.D. Mich. July 17, 2019) ("When a pleading fails to provide more than bare allegations of state action, the proper course is to dismiss the case for failure to state a claim under Fed. R. Civ. P. 12(b)(6).") (cleaned up).

And Fluker could not sue Carr or Fifth Third under § 1983 even if they had acted as agents of the Secret Service.  Section 1983 permits suits for violations of the United States Constitution or federal law against persons "acting 'under color of *state law*.'"  *Strickland on Behalf of Strickland v. Shalala*, 123 F.3d 863, 866 (6th Cir.1997) (emphasis added).  Thus, "the federal government and its officials are not subject to suit under § 1983."

*Haines v. Fed. Motor Carrier Safety Admin.*, 814 F.3d 417, 429 (6th Cir. 2016) (cleaned up).

Fluker's superseding statement of claim also fails to cure the defects in his claims under the RFPA. The RFPA bars financial institutions and their employees from disclosing records without the customer's permission or in response to a summons, search warrant, or subpoena. 12 U.S.C. § 3402. But an institution may "notify a Government authority that such institution has information, which may be relevant to a possible violation of any statute or regulation." § 3403(c).

Under § 3403(c), the information disclosed may include "only the name or other identifying information concerning any individual, corporation, or account involved in and the nature of any suspected illegal activity." This means that financial institutions can provide information about "an individual or account that is involved in suspected illegal activity," along with information concerning "the nature of the suspected illegal activity." *Bigi v. Wright-Patt Credit Union, Inc.*, No. 3:12-CV-216, 2013 WL 1721154, at *4 (S.D. Ohio Apr. 22, 2013) (quoting *Rufra v. U.S. Bankcorp, Inc.*, No. CIVA 3:05CV594 H, 2006 WL 2178278, at *4 (W.D. Ky. July 28, 2006)). And courts broadly define the "nature of the suspected illegal activity." *Rufra*, 2006 WL 2178278, at *4 (collecting cases).

Disclosures under § 3403(c) are permitted whether done proactively by a financial institution or made "in response to a direct inquiry from a government authority." *Id.* at *3. And if a financial institution and its employees properly disclose information under § 3403(c), they are "immune from suit." *Blakely v. United States*, 276 F.3d 853, 869 (6th Cir. 2002) (citing § 3403(c)).

Fluker alleges in the superseding statement of claim that defendants responded to a direct inquiry from the Secret Service and provided information about a "$450,000 ACH Deposit" that "appeared to be a [U.S. Small Business Administration] loan." ECF No. 12, PageID.44. These allegations do not state a plausible claim that defendants did anything that violated the RFPA. And Fluker's reference to a Secret Service investigation suggests that Carr and Fifth Third made disclosures that were "relevant to a possible violation of any statute or regulation," meaning that Carr and the bank may be immune from suit. § 3403(c); *Blakely*, 276 F.3d at 869.

Financial institutions may also disclose information to authorities—including the deposit amount—without a subpoena, search warrant, or court order. *See Rufra*, 2006 WL 2178278, at *4 (finding that a bank did not violate § 3403(c) in providing plaintiff's name, account number, and

date and time of suspicious personal transactions); *Miranda De Villalba, v. Coutts & Co. (USA) Intern.*, 250 F.3d 1351, 1354 (11th Cir. 2001) (finding that the mention of a $500,000 wire transfer in a money laundering investigation did not exceed the "nature of the suspected illegal activity" because the size was "indisputably suspicious"); *Bailey v. U.S. Dep't of Agric.*, 59 F.3d 141, 143 (10th Cir. 1995) (finding that disclosure of withdrawal and deposit records qualified as information about the "nature of the suspected illegal activity").

Thus, Fluker's superseding statement of claim is not plausible and does not support his motion to amend the judgment.

### III. Conclusion

The Court **RECOMMENDS** that Fluker's motion to correct the judgment (ECF No. 17) be **DENIED**.

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: October 5, 2023

## **NOTICE TO THE PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991).  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections lack merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 5, 2023.

                                            <u>s/Marlena Williams</u>
                                            MARLENA WILLIAMS
                                            Case Manager