UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTONIO LYNN FLUKER,

    Plaintiff,

v.                                 Case No. 22-11992

GARY CARR, *et al.*,           Sean F. Cox
                                     United States District Court Judge

    Defendants.
_____/

**ORDER
ADOPTING 10/5/23 REPORT AND RECOMMENDATION**

Acting *pro se*, Plaintiff Antonio Lynn Fluker Jr. ("Plaintiff") filed this action on August 24, 2022, along with an application to proceed *in forma pauperis*, which this Court granted.

On September 29, 2022, this Court referred this matter to the magistrate judge for all pretrial proceedings. On May 18, 2023, Magistrate Judge Elizabeth A. Stafford issued a Report and Recommendation ("R&R") wherein she recommended that the Court dismiss the case *sua sponte* for failure to state a claim (ECF No. 11) which the District Court adopted in an order on July 19, 2023. (ECF No. 15). On July 28, 2023, Plaintiff filed a Motion to Amend Judgment under Federal Rule of Civil Procedure 59(e), (ECF No. 17) which again was referred to Magistrate Judge Elizabeth A. Stafford for an R&R wherein she recommended that the Court deny Plaintiff's motion to correct the judgment. (ECF No. 21, PageID.85).

Under Federal Rule of Civil Procedure 59(e), a court may grant relief to alter or amend a judgment if there has been an "intervening change in controlling law, new evidence which was not previously available at trial or [the need] to correct a clear error of law or to prevent manifest injustice." *United States v. Johnson*, No. 02-80820, 2018 WL 646872, at *1 (E.D. Mich. Jan. 31,

1

2018) (cleaned up). Courts have the authority to "equate a Rule 59(e) motion with a timely filed motion for reconsideration." *Id.* The local rules provide that "the movant must not only demonstrate a *palpable defect* by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that *correcting the defect will result in a different disposition of the case*." E.D. Mich. LR 7.1(h)(1) (emphasis added).

This Court agrees with the magistrate judge that Plaintiff's motion fails because he has filed no valid amended complaint for the Court to reconsider. (ECF No. 21, PageID.80). Here, Plaintiff (1) failed to sign his pleading as required under Federal Rule of Civil Procedure 11(a), and (2) failed to file his claim with leave of court as required under Rule 15(a), even though Plaintiff had already filed an amended statement of his claims. (ECF No. 5). Further, even if Plaintiff had filed a valid amended complaint, Plaintiff's motion must be denied because the alleged conduct in his motion (that a Secret Service agent contacted Fifth Third Bank and Carr about a $450,000 loan deposit in Plaintiff's account and disclosed Plaintiff's financial information without obtaining a subpoena, court order, search warrant, or Plaintiff's consent) is lacking in any factual details supporting his allegation that Carr and Fifth Third Bank acted as agents of the government. *See Anderson v. Clinton Twp. Police Dep't,* No. 18-11291, 2019 WL 4392524, at *4 (E.D. Mich. June 30, 2019), *adopted*, 2019 WL 3213942 (E.D. Mich. July 2019); *Strickland on Behalf of Strickland v. Shalala*, 123 F.3d 863, 866 (6th Cir. 1997).

Accordingly, the Court **DENIES** Plaintiff's Motion to Amend Judgment (ECF No. 17) and **ADOPTS** the October 5, 2023, R&R (ECF No. 21).

    IT IS SO ORDERED.

                                                    s/Sean F. Cox  
                                                    Sean F. Cox  
                                                    United States District Judge

Dated:  December 14, 2023