UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ANTONIO LYNN FLUKER, JR.,<br><br>Plaintiff,<br><br>v.<br><br>GARY CARR,<br><br>Defendant. | Case No. 22-11992<br>Honorable Sean F. Cox<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO AMEND HIS COMPLAINT
(ECF NO. 37)**

Plaintiff Antonio Lynn Fluker, Jr., proceeding pro se and *in forma pauperis*, sues Gary Carr under the Right to Financial Privacy Act (RFPA), 12 U.S.C. § 3402, *et seq.* ECF No. 5. The Honorable Sean F. Cox referred the case to this Court for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 31. Reversing this Court's sua sponte dismissal of Fluker's complaint, the Sixth Circuit held that Fluker's proposed amended complaint stated a plausible claim against Carr under the RFPA. ECF No. 27. After remand, the Court struck a "superseding statement of claim" and

"amended complaint" that Fluker had filed without leave of court. ECF No. 32.

Fluker now moves for leave to file an amended complaint with claims against Carr that mirror those reviewed by the Sixth Circuit and that adds as defendants Paul Daugherty, Barbara Kane, and Bradley Jacobs, who were all employed by Fifth Third Bank. ECF No. 37. Fluker's proposed claims against the new defendants are also under the RFPA. *Id.*

Under Federal Rule of Civil Procedure 15(a), leave to amend should be freely given "when justice so requires." But a motion to amend "should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (cleaned up). "A proposed amendment is futile if the amendment could not withstand a [Federal Rule of Civil Procedure] 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). As noted, the Sixth Circuit has already found that Fluker's claims against Carr are plausible. But the claims against the other proposed defendants are futile because of the statute of limitations.

An action under the RFPA must be filed "within three years from the date on which the violation occurs or the date of discovery of such violation,

whichever is later." 12 U.S.C. § 3416. Under circumstances described in Rule 15(c)(1)(C), an amendment that "changes the party or the naming of the party against whom a claim is asserted" may "relate[ ] back to the date of the original pleading." But "an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations." *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318 (6th Cir. 2010). In other words, "Rule 15(c) is inapplicable when the plaintiff seeks to add, rather than subtract or change, the named defendants." *Rayfield v. City of Grand Rapids, Michigan*, 768 F. App'x 495, 502 (6th Cir. 2019).

Fluker alleges that Carr and the other proposed defendants shared his private financial information to aid a secret service investigation and placed a freeze on his bank account in July 2020. ECF No. 37, PageID.138. But he filed his proposed amended complaint in October 2024, well outside of the three-year statute of limitations. *Id.* So Fluker's claims against his new proposed defendants are futile.

In sum, the Court **GRANTS** Fluker's motion for leave to amend his claims against Carr, but **DENIES** him leave to add new defendants. The Court will thus treat ECF No. 37 as Fluker's operative complaint against Carr.

3

**IT IS ORDERED**.

                                                s/Elizabeth A. Stafford
                                                ELIZABETH A. STAFFORD
                                                United States Magistrate Judge

Dated: November 19, 2024

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 19, 2024.

                                                s/Davon Allen
                                                DAVON ALLEN

Case Manager