UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ANTONIO LYNN FLUKER, JR., <br><br> Plaintiff, <br><br> v. <br><br> GARY CARR, <br><br> Defendant. | Case No. 22-11992 <br> Honorable Sean F. Cox <br> Magistrate Judge Elizabeth A. Stafford |

### THIRD ORDER FOR THE U.S. MARSHAL SERVICE TO USE REASONABLE EFFORTS TO SERVE DEFENDANT GARY CARR

Plaintiff Antonio Lynn Fluker, Jr., proceeding pro se and *in forma pauperis*, sues Gary Carr, alleging that he violated the Right to Financial Privacy Act (RFPA).  ECF No.5.  Fluker identified Carr as an employee of Fifth Third Bank.  *Id*.  The Honorable Laurie J. Michelson referred the case to this Court for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 44.  The Court has twice ordered the Marshal Service to use reasonable efforts to serve Carr.  ECF No. 33; ECF No. 38.

The Marshals Service first tried to serve Defendant Carr by mailing the summons, copies of the complaint, and a waiver of service form to his employer—Fifth Third Bank.  *See* ECF No. 35; ECF No.36.  It was returned

as unexecuted. *Id.* The Court then ordered the Marshals Service to use reasonable efforts to locate and personally serve Carr by conducting an internet search and consulting with the defendant's former employer. ECF No. 38, PageID.142. In response, the Marshals Service informed the Court that it consulted with Carr's former employer and was told that it had no identifiers or home addresses for Carr because he is an unknown employee. But the Marshals Service did not indicate that it conducted an internet search for Carr. And as noted in the order, the Court found a LinkedIn profile for "Gary Carr, a Consumer Fraud Manager at Fifth Third Bank in Dayton, Ohio." *See* Gary Carr, LinkedIn, https://www.linkedin.com/in/gary-carr-a69749103/ (last visited April 29, 2025).

    The Court thus again ordered the Marshals Service to use reasonable efforts to locate and personally serve Carr through an internet search, and to inform the Court of the results by March 12, 2025. ECF No. 38. The Marshal Service then provided the Court with an April 5, 2025 Notice of Reasonable Effort Search stating that it could not locate Carr. The notice said, "USMS needs additional information, such as a DOB, to conduct a proper search of Gary Carr. At this time, the only information that USMS has received is a first and last name." But it is not true that the

2

USMS was furnished only with Carr's name.  In the second order requiring reasonable efforts to serve Carr, the Court directed the Marshal Service to the LinkedIn page of a Gary Carr, who identifies himself as a consumer fraud manager at Fifth Third Bank in Dayton, Ohio since 2013.[1]  The LinkedIn page includes a link for "contact info."  The Marshal Service could have located the LinkedIn page with an internet search as ordered by the Court.  ECF No. 38, PageID.142.  *See Johnson v. Herren*, No. 2:13-CV-583, 2013 WL 6410447, at *2–4 (S.D. Ohio Dec. 9, 2013).  But the Marshal Service neither located the LinkedIn page nor followed up on the LinkedIn information after the Court informed it of the page.

In an email accompanying the Notice of Reasonable Efforts Search, a Marshal Service inspector wrote that Fifth Third Bank "does not have any record of Gary Carr's employment."  But the Marshal Service does not address whether it sought to contact Carr through his contact information shown on the LinkedIn page nor questioned a representative about Carr's representation on that page that he had been an employee of the bank for more than 10 years.  And armed with the location of Carr's employment as described on the LinkedIn page, the Marshal Service has a duty to attempt personal service.  *See Johnson v. Herren*, No. 2:13-CV-583, 2013 WL

---

[1] A copy of that LinkedIn page is attached.

3

6410447, at *2–4 (S.D. Ohio Dec. 9, 2013) (noting that the Marshal Service must attempt personal service if an attempt to serve by mail fails). It appears that, after the second order requiring reasonable efforts to locate Carr, the Marshal Service merely questioned Fifth Third Bank again about Carr and accepted its representation that it has no record of his employment despite the LinkedIn information showing otherwise.

In sum, the Court finds that the Marshal Service did not use reasonable efforts to locate Carr given the information on the LinkedIn page. Thus, for the third time, the Court orders the Marshal Service to use reasonable efforts to locate Carr and serve him with the summons and complaint. And it must inform the Court of the results of these efforts by **May 19, 2025**.

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: May 4, 2025

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a**

4

**magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

      The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 4, 2025.

                                 s/Davon Allen
                                 DAVON ALLEN
                                 Case Manager