UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ANTONIO LYNN FLUKER, JR.,<br><br>Plaintiff,<br><br>v.<br><br>GARY CARR,<br><br>Defendant. | Case No. 22-11992<br>Honorable Laurie J. Michelson<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER FOR PLAINTIFF TO FILE SUPPLEMENTAL MATERIALS IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT
(ECF NO. 54)**

Pro se Plaintiff Antonio Lynn Fluker, Jr. sues Defendant Gary Carr, alleging that he violated the Right to Financial Privacy Act (RFPA). ECF No. 37. The Honorable Laurie J. Michelson referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 44.

The Clerk of Court granted Fluker's request for entry of default against Carr but denied Fluker's request for a default judgment of $100 million. ECF No. 51; ECF No. 52; ECF No. 53. The Clerk's denial of a

1

default judgment was proper because Fluker's damage demand was not for a sum certain, as required under Federal Rule of Civil Procedure 55(b)(1).[1]

Fluker now moves the Court for a default judgment under Rule 55(b)(2), again asking for a judgment of $100 million. ECF No. 54. When assessing a motion for default judgment, "the factual allegations of the complaint, *except those relating to the amount of damages*, will be taken as true." *New London Tobacco Mkt., Inc. v. Kentucky Fuel Corp.*, 44 F.4th 393, 403 (6th Cir. 2022) (cleaned up). Thus, the plaintiff must prove the amount of damages for a default judgment. *Id*.

Fluker has not met his burden. In the declaration he relies to support his motion, he claims without analysis that Carr owes him $100 million. ECF No. 52, PageID.194-195; ECF No. 54, PageID.202. Fluker's damage is demand is both unproven and absurd.

Given Fluker's pro se status, the Court will allow him to supplement his damage demand, supported by proof of damages, no later than **November 21, 2025**. If Fluker again makes an "outrageously excessive" damage demand, the Court will recommend that his motion for default judgment be denied altogether. *Thomas v. Bannum Place of Saginaw*, 421

---

[1] Examples of sum certain claims are "actions on money judgments and negotiable instruments"—claims that are liquidated or fixed. *KPS & Assocs., Inc. v. Designs by FMC, Inc.,* 318 F.3d 1, 19-20 (1st Cir. 2003).

F. Supp. 3d 494, 499 (E.D. Mich. 2019), *objections overruled*, 2019 WL 13194618 (E.D. Mich. Dec. 9, 2019) (denying attorney's fees altogether to discourage others from making the type of "outrageously excessive" fee requests like the one at issue).

**IT IS SO ORDERED.**

Dated: October 30, 2025

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

### NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

### CERTIFICATE OF SERVICE

      The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 30, 2025.

                                            s/Davon Allen
                                            DAVON ALLEN
                                            Case Manager