UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTONIO LYNN FLUKER, JR.,

                Plaintiff,

v.

GARY CARR,

                Defendant.

Case No. 22-11992
Honorable Laurie J. Michelson
Magistrate Judge Elizabeth A. Stafford

**REPORT AND RECOMMENDATION ON
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
(ECF NOS. 54, 58)**

## I.    Introduction

Plaintiff Antonio Lynn Fluker, Jr., proceeding pro se and in forma pauperis, sues Defendant Gary Carr, alleging that he violated the Right to Financial Privacy Act (RFPA). ECF No. 37. The Honorable Laurie J. Michelson referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 44. Fluker moves for a default judgment against Carr under Federal Rule of Civil Procedure 55. ECF No. 54; ECF

No. 58. The Court **RECOMMENDS** that Fluker's motion be **DENIED** and that Fluker's RFPA claim against Carr be sua sponte **DISMISSED.**

## II.     Background

Fluker alleges that, in July 2020, Special Agent Mark Varney of the United States Secret Service contacted Carr, Fifth Third Bank's vice president for financial crimes, about Fluker's account at Fifth Third Bank. ECF No. 37, PageID.133, 138. Carr then disclosed to Varney that Fluker received a deposit of $450,000 into his account. *Id*. Fluker claims that Carr provided Fluker's bank records to Varney and froze Fluker's account without "a subpoena, court order, search warrant" or Fluker's "express consent," in violation of the RFPA. *Id.*

Fluker obtained a clerk's entry of default after Carr failed to timely answer the complaint. ECF No. 49; ECF No. 50; ECF No. 51. But the clerk's office denied Fluker's request for a $100 million default judgment. ECF No. 52; ECF No. 53. Fluker then moved for a default judgment from the Court, again asking for a judgment of $100 million. ECF No. 54; ECF No. 52, PageID.195.

After reviewing his motion, this Court advised Fluker that he had not met his burden of proving the amount of damages he requested, but it gave him the chance to supplement his motion.

> When assessing a motion for default judgment, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *New London Tobacco Mkt., Inc. v. Kentucky Fuel Corp.*, 44 F.4th 393, 403 (6th Cir. 2022) (cleaned up).  Thus, the plaintiff must prove the amount of damages for a default judgment. *Id*.  Fluker has not met his burden.  In the declaration he relies on to support his motion, he claims without analysis that Carr owes him $100 million.  ECF No. 52, PageID.194-195; ECF No. 54, PageID.202.  Fluker's damage is demand is both unproven and absurd.
> 	Given Fluker's pro se status, the Court will allow him to supplement his damage demand, supported by proof of damages, no later than November 21, 2025.  If Fluker again makes an "outrageously excessive" damage demand, the Court will recommend that his motion for default judgment be denied altogether. *Thomas v. Bannum Place of Saginaw*, 421 F. Supp. 3d 494, 499 (E.D. Mich. 2019), *objections overruled*, 2019 WL 13194618 (E.D. Mich. Dec. 9, 2019) (denying attorney's fees altogether to discourage others from making the type of "outrageously excessive" fee requests like the one at issue).

ECF No. 55*,* PageID.207-208.

Fluker then filed a brief and declaration stating that he seeks $3,500,000 in actual damages, $1,500,000 in punitive damages, and $2,500 for "Motion Fees/Legal Expenses."  ECF No. 58, PageID.217-218.

3

He failed to provide proofs in support of his new request for damages, so his motion for default judgment should be denied.

### III.     Analysis

After a default, a court must determine whether the well-pleaded factual allegations in the complaint establish a defendant's liability. *United States v. $525,695.24 Seized from JPMorgan Chase*, 869 F.3d 429, 441 (6th Cir. 2017). That is because "[u]pon entry of default, only those well-pleaded allegations relating to liability are taken as true." *In re Family Resorts of America, Inc.*, No. 91-4127, 1992 WL 174539, at *4 (6th Cir. 1992). If liability is established, the plaintiff bears the burden of showing the amount of damages. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995) ("Where damages are unliquidated a default admits only defendant's liability and the amount of damages must be proved.").

Here, in reversing the earlier dismissal of Fluker's complaint, the Sixth Circuit said that the "RFPA provides for a private cause of action against financial institutions (and their employees) who disclose a customer's financial records to the government without the customer's consent, an administrative or judicial subpoena, a search warrant, or a written formal request that meets certain statutory criteria." *Fluker v. Carr*,

4

No. 23-1921, 2024 WL 3262020, at *2 (6th Cir. June 28, 2024). The court also held that Fluker's allegations that Carr violated his rights under the RFPA were sufficient. *Id*.

But Fluker's motion should still be denied because he has failed to meet his burden of showing his entitlement to the damages he seeks. For his requested actual damages, Fluker "must causally connect the disclosures at issue to the losses" he claims to have suffered. *Bond v. U.S. Postal Service Fed. Credit Union*, 164 F. Supp. 3d 740, 750 (D. Md. 2015). "If, for example, as a result of unauthorized disclosures," Fluker "had sustained identify theft or other tangible adverse financial consequences, actual damages might be cognizable under the RFPA." *Id*. Fluker has not stated any basis for an award of actual damages.

"[A]n award of punitive damages requires a showing that the defendant *intentionally and willfully* violated the RFPA," and that "means more than gross negligence." *Bond v. U.S. Postal Service Fed. Credit Union*, 164 F. Supp. 3d 740, 750 (D. Mary. 2015). "One court has described the required showing as actions 'so patently egregious and unlawful that anyone undertaking the conduct should have known it unlawful.'" *Id*. (citing *Taylor v. Dep't of Air Force*, 18 F. Supp. 2d 1184,

5

1192 (D. Colo. 1998)). Fluker's complaint alleges no facts supporting a finding that Carr's disclosure was willful, intentional, or patently unlawful. So the Court finds no support for his claim for punitive damages.

Fluker also provides no support for his request for $2,500 to compensate him for motion fees or legal expenses. And he cannot obtain an award of attorney fees because he is proceeding pro se. *Flowers v. First Hawaiian Bank*, 295 F. Supp. 2d 1130, 1139 (D. Haw. 2003). The RFPA does authorize an award of statutory damages of $100 when no actual damages exist. 12 U.S.C. § 3417(a)(1); *Duncan v. Belcher*, 813 F.2d 1335, 1339-40 (4th Cir. 1987). But Fluker requested no statutory damages award.

The Court finally notes that, even after it warned Fluker that it would recommend that his motion be denied altogether if he continued to make an outrageously excessive and unproven damage demand, Fluker continued to do just that. He sought a $5 million default judgment but with no proof or analysis. ECF No. 58. On that basis alone, his request for damages should be altogether denied.

### IV. Conclusion

The Court **RECOMMENDS** that Fluker's motion for default judgment be **DENIED** and his RFPA claim against Carr be sua sponte **DISMISSED.**

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: December 15, 2025

### NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the

objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections lack merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 15, 2025.

                                              s/Davon Allen
                                              DAVON ALLEN
                                              Case Manager

9