UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTONIO LYNN FLUKER, JR.,

    Plaintiff,

v.

GARY CARR,

    Defendant.

Case No. 22-11992
Honorable Laurie J. Michelson
Mag. Judge Elizabeth A. Stafford

## ORDER ADOPTING REPORT AND RECOMMENDATION [59]

Plaintiff Antonio Lynn Fluker, Jr. filed this *pro se* lawsuit alleging a violation of the Right to Financial Privacy Act. (*See generally* ECF No. 1.) He claims that Gary Carr, Fifth Third Bank's vice president for financial crimes, improperly disclosed Fluker's bank records to a United States Secret Service Agent. (*Id.* PageID.3–4.) When Carr failed to timely respond to the allegations, Fluker obtained a clerk's entry of default. (ECF Nos. 50, 51.) But the clerk's office denied his requested $100 million in damages. (ECF Nos. 52, 53.) So Fluker filed for default judgment in this Court with the same requested damages amount. (ECF Nos. 54, 58.)

All pretrial matters were referred to Magistrate Judge Elizabeth A. Stafford. (ECF No. 6.) On December 15, 2025, Judge Stafford issued a report and recommendation to deny Fluker's motion for default judgment and to *sua sponte* dismiss his RFPA claim against Carr. (ECF No. 59.) Judge Stafford explained that, while "well-pleaded allegations relating to liability are taken as true[,]" Fluker still "bears the burden of showing the amount of damages." (*Id.* at PageID.244 (internal

citations omitted).) And despite multiple opportunities to supplement his motion, Judge Stafford concluded that Fluker failed to meet his burden of showing how the alleged improper disclosure caused the claimed losses.[1] (*Id.* at PageID.223–225.) For example, an unauthorized disclosure that led to "identify theft or other tangible adverse financial consequences" would support damages under RFPA. (*Id.*) But Fluker made no such allegations. (*Id.*) Judge Stafford also concluded that Fluker did not allege the disclosure was "willful, intentional, or patently unlawful" as required for punitive damages. (*Id.* at PageID.226.) And he cannot receive attorney's fees because he is *pro se*. (*Id.*) For these reasons, Judge Stafford also recommended dismissing Fluker's RFPA claim against Carr *sua sponte*. (*Id.* at PageID.227.)

At the conclusion of her report and recommendation, Judge Stafford notified the parties that they were required to file any objections within 14 days of service, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (*Id.* at PageID.227–228.) Since Fluker was served via mail, three days are added to the objection period under Federal Rule of Civil Procedure 6(d). The prison mailbox rule also applies, so Fluker's objections would be considered filed when he delivered them to prison authorities for mailing. In all, waiting the 17-day objection period, and allowing some time for the Court to receive

---

[1] As Judge Stafford noted, RFPA authorizes a $100 statutory damages award when no actual damages exist, but Fluker did not request statutory damages. (*Id.* at PageID.226.)

2

objections that Fluker may have mailed, it is now well-past the time for objections and none have been filed.

The Court finds that the parties' failure to object is a procedural default, waiving review of the magistrate judge's findings by this Court. It is well established in the Sixth Circuit that, "so long as a magistrate judge puts the parties on notice that failure to object to an issue addressed in a report and recommendation waives the issue, 'a party shall file objections with the district court or else waive [the] right to appeal.'" *United States v. Scales*, No. 24-5905, 2025 WL 2042202, at *4 n.3 (6th Cir. July 21, 2025) (alteration in original) (quoting *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981)); *see Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("[T]he failure to object may constitute a procedural default waiving review even at the district court level."); *see also Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made."). The Supreme Court has held that this procedural default rule does not violate either the Federal Magistrates Act or the federal Constitution. *Thomas*, 474 U.S. at 155.

The Court therefore finds that the parties have waived further review of Judge Stafford's report and recommendation and accepts the recommended disposition. (ECF No. 59.) It follows that Fluker's motion for default judgment is DENIED (ECF Nos. 54, 58) and his RFPA claim against Carr is DISMISSED (ECF No. 1).

SO ORDERED.

3

Dated: January 9, 2026

                                                <u>s/Laurie J. Michelson</u>
                                                LAURIE J. MICHELSON
                                                UNITED STATES DISTRICT JUDGE