UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ANTONIO LYNN FLUKER, JR., <br><br> Plaintiff, <br><br> v. <br><br> GARY CARR, <br><br> Defendant. | Case No. 22-11992 <br> Honorable Laurie J. Michelson <br> Mag. Judge Elizabeth A. Stafford |

**AMENDED ORDER ADOPTING REPORT AND RECOMMENDATION [59]**

Plaintiff Antonio Lynn Fluker, Jr. filed this *pro se* lawsuit alleging a violation of the Right to Financial Privacy Act. (*See generally* ECF No. 1.) He claims that Gary Carr, Fifth Third Bank's vice president for financial crimes, improperly disclosed Fluker's bank records to a United States Secret Service Agent. (*Id.* PageID.3–4.) When Carr failed to timely respond to the allegations, Fluker obtained a clerk's entry of default. (ECF Nos. 50, 51.) But the clerk's office denied his requested $100 million in damages. (ECF Nos. 52, 53.) So Fluker filed for default judgment with the same requested damages amount. (ECF Nos. 54, 58.)

All pretrial matters were referred to Magistrate Judge Elizabeth A. Stafford. (ECF No. 6.) On December 15, 2025, Judge Stafford issued a report and recommendation to deny Fluker's motion for default judgment and to *sua sponte* dismiss his RFPA claim against Carr. (ECF No. 59.) Judge Stafford explained that, while "well-pleaded allegations relating to liability are taken as true[,]" Fluker still

"bears the burden of showing the amount of damages." (*Id.* at PageID.244 (internal citations omitted).) And despite multiple opportunities to supplement his motion, Judge Stafford concluded that Fluker failed to meet his burden of showing how the alleged improper disclosure caused the claimed losses.[1] (*Id.* at PageID.223–225.) For example, an unauthorized disclosure that led to "identify theft or other tangible adverse financial consequences" would support damages under RFPA. (*Id.*) But Fluker made no such allegations. (*Id.*) Judge Stafford also concluded that Fluker did not allege the disclosure was "willful, intentional, or patently unlawful" as required for punitive damages. (*Id.* at PageID.226.) And he cannot receive attorney's fees because he is *pro se*. (*Id.*) For these reasons, Judge Stafford also recommended dismissing Fluker's RFPA claim against Carr *sua sponte*. (*Id.* at PageID.227.)

At the conclusion of her report and recommendation, Judge Stafford notified the parties that they were required to file any objections within 14 days of service, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (*Id.* at PageID.227–228.) Since Fluker was served via mail, three days are added to the objection period under Federal Rule of Civil Procedure 6(d). The prison mailbox rule also applies, so Fluker's objections would be considered filed when he delivered them to prison authorities for mailing.

---

[1] As Judge Stafford noted, RFPA authorizes a $100 statutory damages award when no actual damages exist, but Fluker did not request statutory damages. (*Id.* at PageID.226.)

The Court, waiting well beyond the 17-day objection period and seeing none, issued an order on January 9, 2026, adopting the report and recommendation. (ECF No. 60.) A few days later, Fluker's objections arrived in the mail. (ECF No. 62.) And it appears he delivered them to prison authorities for mailing on December 30, 2025, two days before the January 1 deadline. (*Id.*) Thus, under the prison mailbox rule, the objections were timely, So the Court will strike its prior order, reopen the case, and now consider Fluker's objections.

## I.

When a party objects to a magistrate judge's report and recommendation, a district judge reviews the issues raised by the objections *de novo*; there is no obligation to review un-objected to issues. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Garrison v. Equifax Info. Servs., LLC,* No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012). "The district court need not provide *de novo* review where the objections are frivolous, conclusory or general. The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (cleaned up). Objections should be "specific in order to focus the busy district court's attention on only those issues that were dispositive and contentious." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

## II.

Fluker raises two objections to Judge Stafford's report and recommendation. First, he claims that Judge Stafford has shown "bias" against him "warrant[ing] her

3

reassignment." (ECF No. 62, PageID.236.) Second, he says his declaration, attached to the default judgment motion, sufficiently alleged that "Carr's unlawful disclosure led directly to the seizure of 3.5 million in connection with the criminal proceeding." (*Id.* at PageID.237.)

Fluker's first objection—that Judge Stafford is biased and should be reassigned—is without merit. "A judge's conduct may be 'characterized as 'bias' or 'prejudice'" if 'it is so extreme as to display clear inability to render fair judgment.'" *Jaiyeola v. Dorwin*, No. 22-1424, 2022 WL 16835730, at *2 (6th Cir. Oct. 5, 2022) (citing *Liteky v. United States*, 510 U.S. 540, 551 (1994)). And "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. "Almost invariably, [judicial rulings] are proper grounds for appeal, not for recusal." *Id.* Fluker offers no factual allegations other than Judge Stafford's judicial rulings. (ECF No. 62, PageID.236.) Nor has he alleged any facts that would plausibly suggest Judge Stafford's inability to render fair judgment. So this objection is overruled.

Fluker's second objection, that he *did* plausibly allege causal damages, is also without merit. He says that his default judgment motion included a declaration alleging that "Carr's unlawful disclosure led directly to the seizure of 3.5 million in connection with the criminal proceeding." (*Id.* at PageID.237.) But the declaration does no such thing. The declaration states that he requests "three million and five hundred thousand dollars in actual damages . . . ." without explaining why that amount is proper or how the alleged violation caused such an injury. (ECF No. 58,

4

PageID.217.) It is Fluker's responsibility to "establish the extent of his damages," and he may not "fault the magistrate for not looking beyond the record that [Fluker] had created." *Minyard v. Burrell*, No. 09-00090, 2011 WL 5180158, at *1 (W.D. Mich. Nov. 1, 2011) (overruling objection that Judge should have looked beyond the factual record to ascertain damages). Judge Stafford offered Fluker multiple opportunities to supplement his motion, and he did not take them. (ECF No. 59, PageID.223–225.) So this objection is also overruled.

The Court therefore adopts Judge Stafford's report and recommendation (ECF No. 59) over Fluker's objections (ECF No. 62).

### III.

Accordingly, Fluker's objections (ECF No. 62) are OVERRULED, his motion for default judgment is DENIED (ECF Nos. 54, 58) and his RFPA claim against Carr is DISMISSED (ECF No. 1).

SO ORDERED.

Dated: January 20, 2026

                                                s/Laurie J. Michelson
                                                LAURIE J. MICHELSON
                                                UNITED STATES DISTRICT JUDGE